# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW FABYANIC, Administrator of )
the Estate of NANCY ANN GLITSCH, )
Deceased, )
 )
                Plaintiff, )
 )
                v. )    02: 08-cv-0400
 )
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
 )
                Defendant. )

## MEMORANDUM ORDER OF COURT

Presently pending before the Court for disposition is the REQUEST FOR RECONSIDERATION OF ORDERS OF COURT STRIKING MATERIALS AND GRANTING SUMMARY JUDGMENT filed by Plaintiff, Matthew Fabyanic, Administrator of the Estate of Nancy Ann Glitsch (*Document No. 39*) and the RESPONSE in opposition filed by Defendant, Hartford Life and Accident Insurance Company (*Document No. 40*).

Plaintiff requests, pursuant to Federal Rule of Civil Procedure 60, that the Court vacate its Memorandum Opinion and Order of Court entered March 18, 2009, in which the Court (i) granting Hartford's request to strike evidence that Plaintiff had submitted in support of his Motion for Summary Judgment which was not before Hartford at the time it made its benefit decision at issue in this case, (ii) granted the Motion for Summary Judgment filed by Hartford, and (iii) denied the Motion for Summary Judgment filed by Plaintiff.

The Court finds and rules that Plaintiff has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration. Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening

change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Plaintiff has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice. Rather, Plaintiff simply disagrees with the Court's conclusion that Hartford's review was reasoned and principled and, consequently, the decision to deny Fabyanic's claim for Accidental Death Benefits was not arbitrary and capricious.

Plaintiff continues to advance the same arguments that he made in response to the motion for summary judgment. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration.

**AND NOW**, this 15th day of April, 2009, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the REQUEST FOR RECONSIDERATION OF ORDERS OF COURT STRIKING MATERIALS AND GRANTING SUMMARY JUDGMENT filed by Plaintiff is hereby **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Edward J. Balzarini , Jr., Esquire
        Balzarini & Watson
        Email: bw@balzariniandwatson.com

        Michael Balzarini, Esquire
        Balzarini & Watson
        Email: mbalzar@nauticom.net

        Brian P. Downey, Esquire
        Pepper, Hamilton & Scheetz
        Email: downeyb@pepperlaw.com

        Amber Schuknecht Martin, Esquire
        Pepper Hamilton
        Email: martinas@pepperlaw.com